IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID H. KLIEWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:15-cv-01203 |
| | ) |
| FEDERAL CROP INSURANCE | ) |
| CORPORATION | ) |
| and | ) |
| RAIN AND HAIL, L.L.C. | ) |
| and | ) |
| RAIN AND HAIL INSURANCE SERVICE, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, David H. Kliewer in support of his cause of action against Defendants, states:

1. Plaintiff is an individual with a residential address of 229 Maxwell Circle, Ulysses, Kansas 67880.

2. The Federal Crop Insurance Corporation ("FCIC") can be served by serving the Civil-Process Clerk at the United States Attorney's Office for the District of Kansas at 1200 Epic Center, 201 N Main, Wichita, Kansas 67202.

3. Rain and Hail, L.L.C. can be served by serving its registered agent, Michael Davenport, at 9200 Northpark Drive, Suite 300, Johnston, Iowa, 50131-3006.

4. Rain and Hail Insurance Service, Inc. can be served by its registered agent, Michael Davenport, at 9200 Northpark Drive, Suite 300, Johnston, Iowa, 50131-3006

5. Plaintiff's crop insurance policy was sold by Defendants Rain and Hail, L.L.C. and Rain and Hail Insurance Services, Inc., which are Approved Insurance Providers ("AIPs") who entered into a Standard Reinsurance Agreement with the Defendant Federal Crop Insurance Corporation, which then provides reinsurance to the AIPs.

6. Plaintiff entered into a Yield Protection Plan of Insurance for the irrigated wheat in Stanton County, Kansas for the 2013 crop year with Defendants Rain and Hail, L.L.C. and Rain and Hail Insurance Services, Inc. after an application was submitted specifying the crop and land designated as insurable.

7. Plaintiff planted said irrigated wheat on October 9, 2012 and October 11, 2012 for the 2013 crop year on the following tracts of land:

> A. Farm Service Agency Number 655, which is the NE/4 of Section Two (2), Township Twenty-Nine (29), Range Thirty-Nine (39);
>
> B. Farm Service Agency Number 730, which is the NW/4 of Section Two (2), Township Twenty-Nine (29), Range Thirty-Nine (39); and
>
> C. Farm Service Agency Number 2891 (formally Farm Number 638), which is the SE/4 of Section Two (2), Township Twenty-Nine (29), Range Thirty-nine (39).

8. During a turbulent March, April and May 2013, Stanton County, Kansas experienced spring freezes with temperatures well into the teens, which damaged the 2013 irrigated wheat crops on the above-referenced tracts of land.

9. Much of the 2013 wheat crops were abandoned in far western Kansas, where Stanton

County, Kansas is located, with some fields that were cut producing just five (5) or fifteen (15) bushels an acre.

10. Plaintiff submitted a notice of loss dated April 9, 2013 to Defendant Rain and Hail, L.L.C. stating that the cause of loss of his irrigated wheat was freeze damage.

11. In a good farming practice decision letter dated December 16, 2013 from Defendant Rain and Hail, L.L.C., Defendant determined plaintiff did not follow recognized good farming practices because of evidence of insufficient irrigation water applied and failure to properly plant, care for, or harvest the crop.

12. On January 17, 2014, plaintiff requested a Risk Management Agency, Topeka Regional Office determination of Defendant Rain and Hail, L.L.C.'s decision.

13. On July 2, 2014, the Risk Management Agency, Topeka Regional Office, on behalf of the FCIC completed a review for a good farming practice ("GFP") determination applicable to the irrigated wheat on the above-referenced tracts of land.

14. Defendant, FCIC, through the Risk Management Agency, determined that plaintiff failed to follow good farming practices for insufficient irrigation water applied and failing to properly plant, care for, or harvest the crop and therefore did not receive proceeds from the Yield Protection Plan Insurance policy.

15. Plaintiff was entitled to receive from Rain and Hail, L.L.C. and Rain and Hail Insurance Service, Inc. $25,141.45 for the irrigated wheat crop located at Farm Service Agency Number 655, which is the NE/4 of Section Two (2), Township Twenty-Nine (29), Range Thirty-Nine (39).

16. Plaintiff was entitled to receive from Rain and Hail, L.L.C. and Rain and Hail Insurance Service, Inc. $24,323.84 for the irrigated wheat crop located at Farm Service Agency Number 730, which is the NW/4 of Section Two (2), Township Twenty-Nine (29), Range Thirty-Nine (39).

17. Plaintiff was entitled to receive from Rain and Hail, L.L.C. and Rain and Hail Insurance Service, Inc. $25,141.45 for the irrigated wheat crop located at Farm Service Agency Number 2891 (formally Farm Number 638), which is the SE/4 of Section Two (2), Township Twenty-Nine (29), Range Thirty-nine (39).

18. Plaintiff did abide by good farming practices for the 2013 irrigated wheat crop and the FCIC made an incorrect decision.

19. The cause of loss was a result of freeze damage to the irrigated wheat crop occurring between March 25, 2013 and May 3, 2013, in which the temperature fell at or below 30 degrees Fahrenheit including the following:

    A.  March 25, 2013 = 10 degrees Fahrenheit

    B.  March 26, 2013 = 14 degrees Fahrenheit

    C.  April 4, 2013 = 28 degrees Fahrenheit

    D.  April 9 and 10, 2013 = 16 degrees Fahrenheit

    E.  April 10 and 11, 2013 = 18 degrees Fahrenheit

    F.  April 17 and 18, 2013 = 21 degrees Fahrenheit

    G.  April 21 and 22, 2013 = 19 degrees Fahrenheit

    H.  May 1 and 2, 2013 = 30 degrees Fahrenheit

    I. May 2 and 3, 2013 = 26 degrees Fahrenheit

20. In the July 2, 2014 letter from the Risk Management Agency, the Risk Management Agency stated that they found similar temperatures for the above dates.

21. Because the FCIC incorrectly determined that plaintiff did not follow good farming practices, plaintiff did not receive the total guarantees on his irrigated wheat crop on the above-referenced tracts of land.

## JURISDICTION AND VENUE

22. Defendant, FCIC is a wholly owned government corporation managed by the Risk Management Agency of the United States Department of Agriculture.

23. Defendants Rain and Hail, L.L.C. and Rain and Hail Insurance Service, Inc. are the Approved Insurance Providers.

24. The plaintiff brings this complaint pursuant to 7 U.S.C. § 1501 et seq., known as the Federal Crop Insurance Act ("FCIA").

25. The Court has jurisdiction over this action, and venue lies in this District pursuant to 28 U.S.C. § 1346 et seq.

## CLAIM FOR RELIEF

26. Defendant FCIC made an incorrect determination on good farming practices and therefore their determination is invalid and the Court should set aside the determination made by Defendant FCIC's Risk Management Agency.

27. Defendant Rain and Hail, L.L.C. and Defendant Rain and Hail Insurance Service, Inc. breached their contract with plaintiff in that Defendants did not pay the above-said total guarantees of the policy that plaintiff had with said Defendants.

28. Defendant Rain and Hail, L.L.C. and Defendant Rain and Hail Insurance Service, Inc. misrepresented the policy they had with plaintiff and it was intentional and material, resulting in a pecuniary loss to plaintiff because plaintiff procured said Yield Protection Plan of Insurance with the promise that if his 2013 irrigated wheat crops sustained a loss due to unavoidable, naturally occurring events (e.g. freeze) he would receive the protection of said plan.

## DEMAND FOR JURY TRIAL

The plaintiff, pursuant to Federal Rules of Civil Procedure, Rule 38 demands a trial by jury.

**THEREFORE**, the Plaintiff prays the Court determine that the cause of the loss of the 2013 irrigated wheat crop was a result of the 2013 spring freeze and therefore Defendant Rain and Hail, L.L.C. and Defendant Rain and Hail Insurance Service, Inc. breached and/or misrepresented its contract with plaintiff. Alternatively, if the freeze was not the cause, the plaintiff prays that the Court set aside the determination made by Defendant FCIC's Risk Management Agency, as plaintiff did exercise good farming practices. Further plaintiff prays for judgment against Defendants Rain and Hail, L.L.C. and Rain and Hail Insurance Service, Inc. in the amount of $74,606.74, together with accrued interest from July 2, 2014 to the date of judgment, together with accruing interest at the judgment rate per annum from and after the date

of judgment, for the costs of this action, including reasonable attorney fees, punitive damages, and any other equitable relief that the Court deems appropriate.

**ANDRUSAK LAW LC**

By   /S/ Michael Andrusak
Michael R. Andrusak, SC#25924
ANDRUSAK LAW LC
411 S Hickok
Ulysses, KS 67880
Telephone: (620) 266-9630
mike@andrusaklaw.com
ATTORNEY FOR PLAINTIFF